RAMÓN MONTANER, as MANAGER OF THE STATE INSURANCE FUND, Respondent, *v.* INDUSTRIAL COMMISSION OF PUERTO RICO, Respondent; and JOSEFINA FUENTEFRÍA, ET ALS., Petitioners before the Industrial Commission.

No. 155. Argued June 5, 1939.—Decided June 13, 1939.

*Virgilio Brunet* and *F. Rebollo López,* for petitioners before the Industrial Commission; *B. Fernández García, Attorney General, Emilio de Aldrey, Assistant Attorney General* and *Víctor J. Vidal González* and *G. Atiles Moréu,* for petitioner; *M. León Parra,* for respondent.

MR. JUSTICE DE JESÚS delivered the opinion of the Court.

In this case the Manager of the State Insurance Fund appealed to this Court from a decision of the Industrial Commission dated August 1, 1938 in favor of the beneficiaries of the workman Miguel Parque. The attorney Mr. Brunet

appeared representing Josefina Fuentefría, widow of the workman Parque.

Mr. Brunet, as well as the attorneys for the State Insurance Fund, filed extensive briefs and argued orally in favor of their allegations and finally judgment was rendered affirming the judgment of the Industrial Commission. (54 P.R.R. 686). The proceedings so ended, the attorney Mr. Brunet filed in this Court a motion in which he prays that according to the provisions of Section 35 of Act No. 45 of 1935 (Laws, v. 1, p. 250) he be awarded attorney's fees for his services rendered to his representative in this Court.

Until now nobody has suggested that the attorney's fees of the workman, his heirs or beneficiaries should be paid by the State Insurance Fund when the decision is adverse to the contentions of the Manager of said Fund. As the Manager of the Fund had no interest whatsoever in the result of said motion for attorney's fees, he was naturally not notified. In his oral argument at the hearing of the motion the attorney Mr. Brunet stated that it was unjust that his fees be paid from the compensation awarded to his client and he indicated that they should be paid by the State Insurance Fund, since the act of the Manager in appealing to this Court had forced his client to utilize his services here. As the Manager had not been notified of the motion praying for attorney's fees, this Court decided to grant Mr. Brunet permission to amend his motion and notify the Manager of the State Insurance Fund and a date was set for the argument of the motion. This was so done, both parties appearing for the hearing set for the fifth of this month. The motion was argued orally and the attorney for the Manager of the State Insurance Fund filed a motion in which he opposed the pretensions of the attorney of the widow of the workman to the effect that the fees for the services rendered before this Court should be paid by the State Insurance Fund. As there exists no question whatsoever in regard to Mr. Brunet's right to be paid attorney's fees for the services

rendered before this Court and the only question is who should pay, whether the workman or the State Insurance Fund, we shall begin by determining who should pay them and later fix the amount.

 Unless there is a law to authorize it, courts have no authority to make an award of costs. In other words, the award of costs is not an inherent power of the courts. 7 R.C.L. 781. Nor can attorney's fees be included in a memorandum of costs unless so authorized by law. 7 R.C.L. 792. Therefore, in order to determine if the petitioner has a right to have said fees paid by the State Insurance Fund, we must turn to Act No. 45 of 1935, *supra*, the only act which can guide us in this matter.

The provisions of said Act which are pertinent to the question involved, are Sections 11 and 35 which state literally as follows: (italics supplied)

"Section 11.—Any interested party may present certified copies of an order or decision of the Industrial Commission, in accordance with this Act, against which a petition for review has been filed and a decision rendered thereon, a review of which before the Supreme Court of Puerto Rico may be requested within the term of fifteen (15) days after notification thereof; *Provided,* That said review may be granted only on questions of law.

"*None of the parties shall incur costs of any kind in the prosecution of the remedies established by this Act.*

"Section 35.—For the prosecution, liquidation, or decision of their cases before the Manager of the State Fund or before the Industrial Commission, workmen or employees do not require the services of attorneys, but if they decide to obtain the services of one for the better direction and defense of their cases, the Industrial Commission shall fix the percentage which should be paid to the attorney in prosecuting a claim in favor of the employee or workman or their heirs or beneficiaries, in accordance with the provisions of this Act.

"In such cases the Industrial Commission shall fix, *chargeable to the compensation granted,* the percentage that should belong to the attorney as fees. Under no circumstances shall the appearance of agents or other persons be allowed in any case of claim before the Industrial Commission unless it is a case of a minor or incapacitated

person, in which case the person representing the minor or incapacitated person cannot collect any sum or receive any remuneration of any kind for representing or assisting the interested person in his claim for compensation.

"In cases that the object of review before the courts and in mandamus cases authorized by this Act and in which the services of an attorney are utilized, *the court before which the case is tried shall fix* the fees which the attorney should equitably receive.''

None of the Sections copied authorized this Court to order the State Insurance Fund to pay the attorney's fees of the workman, his heirs or beneficiaries and we have seen that unless there is a statute to authorize it courts have no authority to order a party to pay attorney's fees. On the contrary, Section 11, supra, states that: *"None of the parties shall incur costs of any kind in the prosecution of the remedies established by this Act."* An award of attorney's fees in favor of the workman or his beneficiaries to be paid by the State Insurance Fund would be in direct violation of the legislative provision stating that none of the parties shall incur in costs in the proceedings established by the Act. On the contrary, when Section 35 authorizes the Industrial Commission to fix the attorney's fees of the workman, his heirs or beneficiaries and states that they be paid *chargeable to the compensation granted,* it gives us the proper course to be followed in regard to attorney's fees which this Court may award, because, inasmuch as no conceivable reason exists to justify a distinction in respect to who should pay said fees, we should follow the system established by the Industrial Commission, that is to say, that said fees be paid from the compensation awarded to the workman or his beneficiaries, since where the same reason exists the same law should be applied. Therefore, we hold that the attorney's fees of the workman, his heirs or beneficiaries should be paid in every case from the compensation awarded to him. Of course, the Manager of the State Insurance Fund, keeping in mind the humanitarian spirit which inspires this Act,

shall not file unmeritorious appeals to this Court, thereby avoiding unnecessary prejudices to the workman, his heirs or beneficiaries.